IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 3:21-cr-59-K |
| | § | |
| GUADALUPE RIVERA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By an electronic order dated June 11, 2021, United States District Judge Ed Kinkeade referred this matter to the undersigned United States magistrate judge to conduct a hearing on the alleged violations contained in the Petition for Person Under Supervision filed with the Court on April 20, 2021 [Dkt. No. 6] and to make findings and a recommendation for modification, revocation, or termination of the defendant's term of supervised release, including a recommended disposition under 18 U.S.C. § 3583(e). *See* Dkt. No. 18.

Defendant Guadalupe Rivera personally appeared in person and through counsel for a final revocation hearing by VTC (over Zoom) on July 14, 2021.

After consideration of the filings, evidence by way of counsel's proffer, oral argument, and applicable law, the undersigned recommends that Defendant's terms of supervised release should be revoked as explained below.

## Background

Defendant Guadalupe Rivera was sentenced to a sentence of 21 months, followed by a 3-year supervised release term, for the offense of Transportation of Illegal Aliens, in violation of 18 U.S.C. §§ 1324(a)(1)(A)(ii) and (B)(i).

Defendant began his term of supervised release on December 23, 2020, and jurisdiction was transferred to this district on February 5, 2021. *See* Dkt. Nos. 1 & 2.

### A.  Alleged Violations

On March 10, 2021, the supervising United States Probation Officer (USPO) submitted a petition for offender under supervision (Petition) alleging the following three violations:

> **Previous Court Notifications**
> On February 4, 2021, the Honorable Judge Ed Kinkeade approved the transfer of jurisdiction from the Western District of Texas, Midland Division to the Northern District of Texas, Dallas Division. At the time of the request, the Court was notified that Mr. Guadalupe Rivera violated the conditions of supervised release by using illegal controlled substance in or about January 2021.
> On March 16, 2021, the Honorable Judge Ed Kinkeade was notified Guadalupe Rivera violated his conditions of supervised release when he possessed an illegal control substance, as evidenced by his arrest by the Department of Public Safety for Possession of a Control Substance PG 1 <1g, in violation of Texas Health and Safety Code 481.115(B), a State Jail Felony, and for Prohibited Substances and Items in a Correctional Facility, in violation of Texas Penal Code 38.11(D)(1), a third degree felony. The Court was notified Mr. Rivera violated his conditions of supervised release by using marijuana, opiates and methamphetamines on more than three occasions over the course of one year. At that time, an exception from mandatory revocation was submitted by the U.S. Probation Office, so Mr. Rivera could participate in an inpatient substance abuse treatment program. The Court granted the exception.
> On March 31, 2021, the Honorable Judge Ed Kinkeade approved a modification of conditions of supervised release to allow Mr. Rivera to participate in an inpatient program approved by the U.S. Probation Office.
> The above referenced violations are included within this petition.

### I.

**Violation of Mandatory Condition No. 1**
The defendant shall not commit another federal, state, or local crime during the term of supervision.

**Violation of Mandatory Condition No. 2**
The defendant shall not unlawfully possess a controlled substance.

**Nature of Noncompliance**
On February 11, 2021, Guadalupe Rivera violated these conditions of supervised release when he possessed an illegal control substance, as evidenced by his arrest by the Department of Public Safety for Possession of a Control Substance PG 1 <1g, in violation of Texas Health and Safety Code 481.115(B), a State Jail Felony, and for Prohibited Substances and Items in a Correctional Facility, in violation of Texas Penal Code 38.11(D)(1), a third degree felony. Mr. Rivera was released on bond and the cases remains pending.

According to the arrest report, on February 11, 2021, Department of Public State Trooper Jacob Otterson, was dispatched to a vehicle accident near Bolt, Texas. Trooper Otterson came in contact with Mr. Rivera who was involved in the accident. The Trooper noticed that Mr. Rivera had two warrants out of Tom Green County, Texas, for Possession of Control Substance and Driving with License Invalid. Mr. Rivera was transported to the hospital due to injuries. Trooper Otterson drove to the hospital and waited for Mr. Rivera to be cleared. Upon release Mr. Rivera was placed under arrest and transported to Jim Wells County Jail. Upon booking at Jim Wells County Jail, staff provided Trooper Otterson a pack of cigarettes that was found in Mr. Rivera's pockets. The staff informed Trooper Otterson that cigarettes are contraband and could not be kept in the facility. Trooper Otterson opened the pack of cigarettes and noticed a small baggy containing white crystal-like substance that appeared to be methamphetamine. Mr. Rivera was charged with possession of a control substance and having a prohibited substance in a correctional facility.

### II.

**Violation of Mandatory Condition No. 3**
The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the conditions stated in this paragraph may be ameliorated or suspended by the court if the defendant's

presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

**Nature of Noncompliance**

Guadalupe Rivera violated this condition of supervised release by using opiates and marijuana, illegal controlled substances, in or about January 2021. On January 18, 2021, Mr. Rivera submitted a urine specimen at the Homeward Bound Inc. (HBI), Dallas, Texas, that tested and confirmed positive for marijuana and opiates. On January 7, 2021, Mr. Rivera admitted verbally to U.S. Probation Officer Ricardo Santiago (USPO Santiago) that he used marijuana on January 4, 2021.

Mr. Rivera violated this condition of supervised release by using opiates and marijuana, illegal controlled substances, in or about February 2021. On February 4, 2021, Mr. Rivera submitted a urine specimen at HBI, Dallas, Texas, that tested positive for marijuana and opiates. On February 2, 2021, Mr. Rivera admitted verbally to USPO Santiago that he used an old hydrocodone prescription for back pain.

Mr. Rivera violated this condition of supervised release by using opiates, illegal controlled substance, in or about February 2021. On February 22, 2021, Mr. Rivera submitted a urine specimen at the HBI, Dallas, Texas, that tested positive for opiates.

Mr. Rivera violated this condition of supervised release by using opiates and methamphetamines, illegal controlled substances, in or about March 2021. On March 4, 2021, Mr. Rivera submitted a urine specimen at the HBI, Dallas, Texas, that tested and confirmed positive for methamphetamines and opiates. On March 5, 2021, Mr. Rivera admitted verbally to USPO Santiago that he used heroin on February 21, 2021 and denied the use of methamphetamines.

## III.

**Violation of Additional Condition**

The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any all intoxicants. The defendant shall pay the costs of such treatment if financially able.

**Violation of Additional Condition**

The defendant shall participate in an inpatient program approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or

abuse. The defendant shall abstain from use of alcohol and/or all other intoxicants during and after completion of treatment.

**Nature of Noncompliance**

Mr. Rivera violated these conditions of supervised release by failing to report for drug testing as directed at HBI in Dallas, Texas, on January 22, 2021.

Mr. Rivera violated these conditions of supervised release by failing to complete treatment in an inpatient program as directed by the U.S. Probation Office. Mr. Rivera left the inpatient treatment facility without being discharged on April 13, 2021.

**Personal History**

Guadalupe Rivera begin his term of supervised release in the Dallas Division of the Northern District of Texas on December 23, 2020. Upon commencement of supervision, Mr. Rivera resided at his mother's residence in Dallas, Texas. Mr. Rivera is currently unemployed.

On January 12, 2021, Mr. Rivera was referred to Homeward Bound Inc. (HBI) in Dallas, Texas, for weekly group and one monthly individual substance abuse counseling sessions. Mr. Rivera was also enrolled in the random drug testing program.

On February 11, 2021, Mr. Rivera was arrested by DPS for Possession of a Control Substance and for Prohibited Substance in a Correctional Facility. On March 5, 2021, Mr. Rivera admitted verbally to USPO Santiago that he is using heroin and would like to participate in an inpatient substance abuse program. On March 8, 2021, USPO Santiago conducted a home inspection at Mr. Rivera's residence, at the time of visit Mr. Rivera was presented with a Waiver of Hearing to Modify Conditions of supervised release to include participation in an inpatient substance abuse program.

On April 8, 2021, Mr. Rivera was admitted in the Salvation Army short term residential substance abuse treatment program. On April 14, 2021, Salvation Army treatment counselor Jessica Allen informed USPO Santiago that Mr. Rivera absconded from the treatment facility around 6:40pm on April 13, 2021.

Mr. Rivera has been provided the available treatment resources to assist him in abstaining from illegal drug use and address his chemical dependency. However, he failed to complete treatment and left the in an inpatient substance abuse program without approval. Numerous unsuccessful attempts have been made to contact Mr. Rivera. His whereabouts are unknown at this time.

Dkt. No. 6 at 1-4.

On April 22, 2021, the Court issued a warrant for Defendant. *See id.* at 6; Dkt. No. 7. Defendant was arrested on May 27, 2021 and made his initial appearance on May 28, 2021. *See* Dkt. Nos. 10 & 20. He was ordered detained pending a final revocation hearing. *See* Dkt. No. 15.

**B.      Revocation Hearing**

Defendant appeared with counsel for a final VTC revocation hearing on July 14, 2021. After his consents and competence were established, Defendant testified under oath that he understood the violations alleged in the Petition and the range of punishment for those violations. He understood that he had the right to plead not true and have a hearing concerning whether he committed those violations. Defendant knowingly and voluntarily consented to enter his plea to the violations alleged in the Petition before a United States Magistrate Judge and waived any right to allocute before the district judge before sentence is imposed.

Defendant agreed to – and did – plead true to the alleged violations numbered II and III in the Petition but pleaded not true the alleged violations numbered I in the Petition, and the government agreed not to pursue the alleged violations numbered I in the Petition.

Defendant offered evidence through his counsel's proffer of his mother's testimony that Defendant has a long-standing, serious opiate addition and was in a serious car accident in February 2021 and developed a staph infection from complications and that his discomfort and complications from the infection undermined his efforts to successfully complete the Salvation Army inpatient

substance abuse program in April 2021. Defendant also was employed since his release until the time that he left the Salvation Army program, and he has a wife or life partner and children and another baby on the way and would like to remain on release to obtain inpatient substance abuse treatment and to be present for his growing family.

And Defendant's counsel and Defendant and the government each made statements related to the appropriate punishment on revocation for these violations. Defendant's counsel argued for an exception to mandatory revocation, and the undersigned finds that Section 3583(d) requires the Court to consider the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, as a possible exception to mandatory revocation where Defendant's violation include failed drug tests. Defendant's counsel urged the Court to continue Defendant on release and direct him to an inpatient treatment program, which he is now physically in a better position to complete. The government urged that Defendant be revoked and sentenced at the top of the recommended 5- to 11-month range. Defendant himself expressed remorse and took responsibility for his actions.

At the conclusion of the hearing, the undersigned orally recommended that Judge Kinkeade accept Defendant's pleas of true to the alleged violations numbered II and III in the Petition, that Judge Kinkeade accept the government's agreement not to pursue the alleged violations numbered I in the Petition, that Judge Kinkeade find that Defendant violated his supervised release conditions as alleged by the

violations numbered II and III in the Petition, that Defendant's terms of supervised release be revoked, and that Defendant be sentenced to an additional term of imprisonment of 5 months with an additional term of supervised release and with credit for time served.

Defendant was advised of his right to object to these recommendations to Judge Kinkeade.

## Analysis

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> ***
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

> \*\*\*
> (4) the kinds of sentence and the sentencing range established for--
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
> > > (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> > > (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
> > (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
> (5) any pertinent policy statement--
> > (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> > (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).

The United States Court of Appeals for the Fifth Circuit has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011). Nor may courts impose or lengthen a prison term in order

to foster a defendant's rehabilitation. *See United States v. Tapia*, 131 S. Ct. 2382 (2011).

Revocation of a term of supervised release is mandatory if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. *See* 18 U.S.C. § 3583(g). But 18 U.S.C. § 3583(d) also provides that "[t]he court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." 18 U.S.C. § 3583(d); *see also United States v. Brooker*, 858 F.3d 983 (5th Cir. 2017) (noting the issue of whether the Section 3853(d) exception applies where the established violations of a defendant's conditions of supervised release include more than failing a drug test).

Based on Defendant's knowing and voluntary pleas of true to the alleged violations numbered II and III in the Petition, Defendant has violated his conditions of supervised release, and revocation of his supervised release is mandatory. Even insofar as Section 3583(d) requires the Court to consider the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, as a possible exception to mandatory revocation where Defendant's violations include failing to comply with drug testing and more than 3 positive drug tests over the course of 1 year, the Court should not, in its

discretion, apply this exception where the Court has given Defendant the benefit of this exception once before and where Defendant has failed to take advantage of the opportunities for substance abuse treatment that he has been afforded. Because Defendant has been unwilling or unable to follow his conditions of supervised release, as reflected in his drug use even after going through treatment made available to him, after considering the relevant factors identified in § 3583(e) that are set forth in § 3553(a), a term of incarceration is warranted to appropriately address his violations.

As set out in the Petition and the Addendum, the statutory maximum term of incarceration upon revocation of Defendant's supervised release is 2 years. *See* Dkt. No. 6 at 5 (citing 18 U.S.C. § 3583(e)(3)). Based on the allegations to which Defendant pleaded true, he is subject to a violation grade of C and a criminal history category of III, and the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a) is 5-11 months. Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* Dkt. No. 6 at 5 (citing 18 U.S.C. § 3583(h); *U.S v. Jackson*, 559 F.3d 368 (5th Cir. 2009)). Defendant is subject to a maximum term of supervised release of up to 3 years, minus any revocation sentence. *See* Dkt. No. 6 at 5.

Here, a sentence of 5 months with an additional term of supervised release would accomplish the relevant sentencing objectives, as identified in § 3583(e)(3) and set forth in § 3553(a). Defendant has continually violated his conditions of supervised release while dealing with a serious drug addiction but despite numerous interventions and opportunities to obtain compliance, and this recommended revocation sentence is intended to protect the public and assist Defendant with learning from and avoiding further problematic behavior in the future.

Defendant should also be ordered to complete a term of supervised release following revocation. A term of supervised release will afford Defendant the opportunity to attend, participate, and successfully complete an inpatient substance abuse treatment program and will provide Defendant a period of supervision by an officer for reintegration into the community while overcoming and learning to live drug-free with his addiction.

The statutory term for reimposition is 3 years, minus the revocation sentence. If the 5-month recommended imprisonment term is imposed, he will be exposed to 31 months, of supervised release.

The undersigned recommends the following conditions of supervised release, as announced at the end of the hearing:

**Mandatory Conditions:**

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Standard Conditions:**

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people

you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

**Special Conditions:**

1. The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality,

duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able.

2. The defendant shall participate in an inpatient program approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or other intoxicants during and after completion of treatment.

## Recommendation

Defendant Guadalupe Rivera's term of supervised release should be revoked, and he should be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 5 months with an additional term of supervised release of 31 months with the conditions listed above. Defendant should receive credit for time served, and, as requested by Defendant's counsel, the Court should recommend to the Bureau of Prisons that Defendant be placed in FCI Seagoville or, alternatively, within the Northern District of Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 14, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE