IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 3:21-cr-59-K |
| | § | |
| GUADALUPE RIVERA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By an electronic order date March 9, 2022, United States District Judge Ed Kinkeade referred this matter to the undersigned United States magistrate judge to conduct a hearing on the alleged violations contained in the Petition for Person Under Supervision filed with the Court on April 20, 2021 [Dkt. No. 26] and to make findings and a recommendation for modification, revocation, or termination of the defendant's term of supervised release, including a recommended disposition under 18 U.S.C. § 3583(e). *See* Dkt. No. 34.

Defendant Guadalupe Rivera personally appeared in person and through counsel for a final revocation hearing by on April 21, 2022.

After consideration of the filings, evidence by way of counsel's proffer, oral argument, and applicable law, the undersigned recommends that Defendant's terms of supervised release should be revoked as explained below.

## Background

Defendant Guadalupe Rivera was sentenced to a sentence of 21 months, followed by a 3-year supervised release term, for the offense of Transportation of Illegal Aliens, in violation of 18 U.S.C. §§ 1324(a)(1)(A)(ii) and (B)(i).

Defendant began his term of supervised release on December 23, 2020, and jurisdiction was transferred to this district on February 5, 2021. *See* Dkt. Nos. 1 & 2. His supervised release was revoked, and he was sentenced to five (5) months imprisonment with credit for time served in federal custody prior to sentencing and an additional 31-month term of supervised release. *See* Dkt. No. 24.

His second term of supervised release began on October 25, 2021.

### A. Alleged Violations

On February 23, 2022, the supervising United States Probation Officer (USPO) submitted a petition for offender under supervision (Petition) alleging the following three violations:

### I.

**Violation of Mandatory Condition No. 3**
The You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the court.

**Nature of Noncompliance**
Guadalupe Rivera violated this condition of supervised release by using opiates, an illegal controlled substance, in or about October and November 2021. On November 1, 2021, Mr. Rivera submitted a urine specimen at the U.S. Probation Office, Dallas, Texas, that tested positive opiates. On November 1, 2021, Mr. Rivera admitted, verbally and in writing, to U.S. Probation Officer Ricardo Santiago (USPO Santiago) that he used heroin on October 31, 2021.

  Mr. Rivera violated this condition of supervised release by using opiates and marijuana, illegal controlled substances, in or about December 2021. On December 16, 2021, Mr. Rivera submitted a urine specimen at Homeward Bound Inc. (HBI), Dallas, Texas, that tested and confirmed positive for marijuana and opiates.

  Mr. Rivera violated this condition of supervised release by using opiates, an illegal controlled substance, in or about January 2022. On January 10, 2022, Mr. Rivera submitted a urine specimen at the HBI, Dallas, Texas, that tested and confirmed positive for opiates. On January 11, 2022, Mr. Rivera admitted verbally to USPO Santiago that he used heroin on January 10, 2022.

  Mr. Rivera violated this condition of supervised release by using opiates, an illegal controlled substance, in or about January 2022. On January 25, 2022, Mr. Rivera submitted a urine specimen at the HBI, Dallas, Texas, that tested positive for amphetamines and opiates. On February 8, 2022, Mr. Rivera admitted verbally to USPO Santiago that he used heroin on January 25, 2022.

## II.

### Violation of Special Condition
The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able.

### Nature of Noncompliance
Mr. Rivera violated this condition of supervised release by failing to report for drug testing as directed at HBI in Dallas, Texas, on December 29, 2021, and on January 27, 2022.

### Personal History
On July 14, 2021, Mr. Guadalupe Rivera appeared before Magistrate Judge David L. Horan for a revocation hearing. Mr. Rivera pled true to using an illegal controlled substance on four separate occasions, failing to submit drug tests as directed, and failing to complete a residential substance abuse treatment program. On August 25, 2021, the Honorable Judge Ed Kinkeade revoked Mr. Rivera's term of supervised release.

> Guadalupe Rivera began his term of supervised release in the Dallas Division of the Northern District of Texas on October 25, 2021. Upon commencement of supervision, Mr. Rivera resided with his mother in Dallas, Texas. Mr. Rivera is currently unemployed.
> On November 1, 2021, during the initial intake interview, Mr. Rivera admitted, verbally and in writing, to U.S. Probation Officer Ricardo Santiago (USPO Santiago) that he used heroin on October 31, 2021. Mr. Rivera was referred to Homeward Bound Inc. (HBI) in Dallas, Texas, for intensive outpatient substance abuse program (IOP) in order to assist him with his chemical dependency. Mr. Rivera was also enrolled in the random drug testing program.
> On December 29, 2021, HBI counselor Mario Ortiz recommended Mr. Rivera enroll in a residential detox program due to his continued use of illegal drugs. On January 19, 2022, Mr. Rivera was admitted in to the HBI five-day detox residential substance abuse program. On January 23, 2022, Mr. Rivera completed the program and continued with IOP. On February 8, 2022, Mr. Rivera admitted verbally to USPO Santiago that he continues to use heroin, since being released from the detox program.
> Mr. Rivera has been provided the available treatment resources to assist him in abstaining from illegal drug use and address his chemical dependency. However, he has continued to engage in the use of illegal drugs despite the resources provided to him.

Dkt. No. 26 at 1-3.

On February 24, 2022, the Court issued a summons for Defendant. *See id.* at 4; Dkt. No. 27. Defendant made his initial appearance on March 4, 2022. *See* Dkt. No. 29. He was ordered released on conditions pending a final revocation hearing. *See* Dkt. No. 32.

On April 4, 2022, the USPO submitted an addendum to the Petition (Addendum), alleging the following:

> Since the Protect Act Supervised Release Petition for Person Under Supervision was filed on February 23, 2022, Guadalupe Rivera has further violated his conditions of supervised release as follows:

**I.**

**Violation of Mandatory Condition No. 3**

You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the court.

**Nature of Noncompliance**

Guadalupe Rivera violated this condition of supervised release by using opiates and methamphetamines, illegal controlled substances, in or about February 2022. On February 9, 2022, Mr. Rivera submitted a urine specimen at Homeward Bound Inc. (HBI), Dallas, Texas, that tested positive for opiates and methamphetamine. On March 15, 2022, Mr. Rivera admitted verbally to U.S. Probation Officer Ricardo Santiago that he continues to use heroin.

Mr. Rivera violated this condition of supervised release by using opiates and methamphetamines, illegal controlled substances, in or about February 2022. On February 14, 2022, Mr. Rivera submitted a urine specimen at Homeward Bound Inc. (HBI), Dallas, Texas, that tested positive for opiates and methamphetamine. On March 15, 2022, Mr. Rivera admitted verbally to U.S. Probation Officer Ricardo Santiago that he continues to use heroin.

Mr. Rivera violated this condition of supervised release by using opiates and methamphetamines, illegal controlled substances, in or about February 2022. On February 25, 2022, Mr. Rivera submitted a urine specimen at Homeward Bound Inc. (HBI), Dallas, Texas, that tested positive for opiates and methamphetamine. On March 15, 2022, Mr. Rivera admitted verbally to U.S. Probation Officer Ricardo Santiago that he continues to use heroin.

## II.

**Violation of Special Condition**

The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able.

**Nature of Noncompliance**

> Mr. Rivera violated this condition of supervised release by failing to report for drug testing as directed at HBI in Dallas, Texas, on March 7, 2022; March 17, 2022, and on March 22, 2022.
>
> Mr. Rivera violated this condition of supervised release by failing to participate in substance abuse treatment sessions at HBI in Dallas, Texas, on March 1, 2022; March 3, 2022; March 8, 2022; March 10, 2022; March 14, 2022; March 15, 2022, and on March 17, 2022.
>
> ***The additional violation conduct DOES NOT affect the Statutory Provisions or Chapter 7 Violation Computations previously reported.***

Dkt. No. 36 at 1-2.

Judge Kinkeade ordered on April 6, 2022 that the addendum be filed and that "[t]he additional violation(s) violation(s) be added to the Probation Form 12C order filed on February 23, 2022." *Id.* at 5.

### B.  <u>Revocation Hearing</u>

Defendant appeared with counsel for a final revocation hearing on April 21, 2022. After his consents and competence were established, Defendant testified under oath that he understood the violations alleged in the Petition and the range of punishment for those violations. He understood that he had the right to plead not true and have a hearing concerning whether he committed those violations. Defendant knowingly and voluntarily consented to enter his plea to the violations alleged in the Petition before a United States Magistrate Judge and waived any right he might have to allocute before the district judge before sentence is imposed. Defendant agreed to – and did – plead true to the alleged violations numbered I and II in the Petition and I and II in the Addendum.

And Defendant's counsel and Defendant and the government each made statements related to the appropriate punishment on revocation for these violations. Defendant's counsel argued for a sentence at the low end of the advisory range of 5 to 11 months with no additional term of supervised release. The government urged that Defendant be revoked and sentenced at least in the middle of the recommended 5- to 11-month range, with no additional term of supervised release. Defendant himself explained that he wants to serve any time the Court may impose and then move on with his life, working hard and caring for his son (over whom he has fully custody) with Defendant's mother's assistance.

At the conclusion of the hearing, the undersigned orally recommended that Judge Kinkeade accept Defendant's pleas of true to the alleged violations numbered I and II in the Petition and I and II in the Addendum, that Judge Kinkeade find that Defendant violated his supervised release conditions as alleged in the Petition and the Addendum, that Defendant's terms of supervised release be revoked, and that Defendant be sentenced to an additional term of imprisonment of 8 months with an no term of supervised release and with credit for any time served.

Defendant was advised of his right to object to these recommendations to Judge Kinkeade.

**Analysis**

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

>revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

>(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>(2) the need for the sentence imposed--
>\*\*\*
>>(B) to afford adequate deterrence to criminal conduct;
>>(C) to protect the public from further crimes of the defendant; and
>>(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
>\*\*\*
>(4) the kinds of sentence and the sentencing range established for--
>>(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>>>(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>>>(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>>
>>(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>
>(5) any pertinent policy statement--

> (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).

The United States Court of Appeals for the Fifth Circuit has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011). Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation. *See United States v. Tapia*, 131 S. Ct. 2382 (2011).

Revocation of a term of supervised release is mandatory if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. *See* 18 U.S.C. § 3583(g). But 18 U.S.C. § 3583(d) also provides that "[t]he court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action

against a defendant who fails a drug test." 18 U.S.C. § 3583(d); *see also United States v. Brooker*, 858 F.3d 983 (5th Cir. 2017) (noting the issue of whether the Section 3853(d) exception applies where the established violations of a defendant's conditions of supervised release include more than failing a drug test).

Based on Defendant's knowing and voluntary pleas of true to the alleged violations numbered I and II in the Petition and I and II in the Addendum, Defendant has violated his conditions of supervised release, and revocation of his supervised release is mandatory. Even insofar as Section 3583(d) requires the Court to consider the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, as a possible exception to mandatory revocation where Defendant's violations include failing to comply with drug testing and more than 3 positive drug tests over the course of 1 year, the Court should not, in its discretion, apply this exception where Defendant has been provided the available treatment resources to assist him in abstaining from illegal drug use and address his chemical dependency but has continued to engage in the use of illegal drugs despite the resources provided to him. Because Defendant has been unwilling or unable to follow his conditions of supervised release, as reflected in his drug use even after going through treatment made available to him, after considering the relevant factors identified in § 3583(e) that are set forth in § 3553(a), a term of incarceration is warranted to appropriately address his violations.

As set out in the Petition and the Addendum, the statutory maximum term of incarceration upon revocation of Defendant's supervised release is 2 years. *See* Dkt.

No. 26 at 3 (citing 18 U.S.C. § 3583(e)(3)). Based on the allegations to which Defendant pleaded true, he is subject to a violation grade of C and a criminal history category of III, and the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a) is 5-11 months. Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* Dkt. No. 26 at 3 (citing 18 U.S.C. § 3583(h); *U.S v. Jackson*, 559 F.3d 368 (5th Cir. 2009)). Defendant is subject to a maximum term of supervised release of up to 3 years, minus any revocation sentence. *See* Dkt. No. 26 at 3.

Here, a sentence of 8 months with no additional term of supervised release would accomplish the relevant sentencing objectives, as identified in § 3583(e)(3) and set forth in § 3553(a). Defendant has continually violated his conditions of supervised release while dealing with a serious drug addiction but despite numerous interventions and opportunities to obtain compliance, and this recommended revocation sentence is intended to protect the public and assist Defendant with learning from and avoiding further problematic behavior in the future.

And the undersigned finds that an additional term of supervised release is not part of the appropriate sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing. Defendant would not benefit from an additional term of supervised release, which the undersigned finds would not be

necessary or appropriate, particularly in light of Defendant's completion of in-patient drug treatment.

## Recommendation

Defendant Guadalupe Rivera's term of supervised release should be revoked, and he should be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 8 months, with no additional term of supervised release, and should receive credit for any time served. And, as requested by Defendant's counsel, the Court should recommend to the Bureau of Prisons that Defendant be placed in FCI Seagoville or, alternatively, within the Northern District of Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

-13-

DATED: April 21, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE